John Bradley HOLLINS Petitioner—
Appellant,

v.

C.A. TERHUNE, Director,
Respondent—
Appellee.

No. 01–55710.
D.C. No. CV–00–00373–JNK.

United States Court of Appeals,
Ninth Circuit.

Submitted March 5, 2002.*

Decided March 19, 2002.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

**354**

Before WARDLAW, W. FLETCHER, Circuit Judges, and FOGEL, District Judge.**

MEMORANDUM ***

John Bradley Hollins appeals the district court's order dismissing his Petition for Writ of Habeas Corpus. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we deny the petition.

### I.

Hollins was convicted in the Superior Court of the State of California for assault with a firearm and corporal injury to his longtime girlfriend and mother of his five children. He seeks habeas review on two grounds: ineffective assistance of counsel and violation of his due process rights.

■ Hollins first claims that his trial counsel was ineffective in failing to obtain the testimony of a ballistics expert. We conclude that the failure to call a ballistics expert was neither deficient nor prejudicial. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (holding that petitioner must demonstrate that his "counsel's performance was deficient" and "that the deficient performance prejudiced the defense"). Hollins' attorney concluded that a ballistics expert would be of no benefit to Hollins, basing his conclusion on 22 years of active duty as a U.S. Marine and consequent familiarity with handgun ballistics, his review of the police report, his interviews of witnesses, Hollins' inconsistent stories regarding the incident, and the physical evidence that made Hollins' version of events incredible. Furthermore, the ballistics report proffered by Hollins, created over

four years after the incident, merely concludes that Hollins' version of events was possible and does not rule out conclusively the victim's story that Hollins shot her. *Id.* at 694, 104 S.Ct. 2052 (prejudice occurs where there is a reasonable probability, a probability sufficient to undermine the outcome that, but for counsel's unprofessional errors, the results of the proceeding would have been different).

■ Hollins next argues his trial counsel was deficient in failing to impeach the victim's testimony by her "extensive criminal background," "long history of violence and alcohol abuse," and motivation to testify favorably to the government. Again, we find that deciding against this avenue of impeachment was a reasonable strategic choice. Hollins' attorney decided to limit his cross-examination of the victim to keep out evidence of Hollins' own history of domestic violence, including almost a dozen police reports documenting Hollins' abuse of the victim and evidence that Hollins attempted to dissuade the victim from testifying. Given the trial court's statement that it would allow such evidence for rebuttal purposes and that extensive cross-examination of the victim would elicit negative testimony about Hollins, trial counsel's conduct was not deficient or prejudicial. *Id.* at 690, 104 S.Ct. 2052 (noting that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable").

Hollins' final claim of ineffective assistance of counsel rests on his assertion that James should have called the victim to testify at his sentencing hearing. *Id.* at 694, 104 S.Ct. 2052. This assertion is

** The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

baseless as a factual matter. Trial counsel in fact called the victim to testify at the time of sentencing, but she could not be found. Hollins further argues that his counsel should have sought a continuance, but in view of the trial court's statement that, "I would never be sure whether I was hearing [the victim] or hearing Mr. Hollins when I heard from [her] is the problem," this was neither an unreasonable decision nor prejudicial in the context of the sentencing hearing, since it would not have affected the outcome. *Id.*

## II.

Hollins also contends that the prosecutor's failure to disclose to the defense its knowledge of his victim's alleged motivation to change her testimony at trial violated his due process rights, relying upon *United States v. Agurs,* 427 U.S. 97, 103, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976) (holding that the prosecution has a duty under the Due Process Clause of the Fifth Amendment to voluntarily disclose evidence favorable to the defendant absent a pretrial request for specific evidence, because, in the context of the entire record, the omitted evidence is "material" to either guilt or punishment); *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (same). He further claims that the prosecution used the victim's perjured testimony at trial, in violation of his due process rights. *Giglio v. United States,* 405 U.S. 150, 154, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972) (noting that a conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury).

■ This claim fails because Hollins failed to prove that the victim's testimony at trial was false or that the prosecution knew or should have known that the testimony was false. *See United States v. Henson,* 123 F.3d 1226, 1240 (9th Cir.1997) ("the burden on the defendant is heavy to establish that perjured testimony was used."); *cf. United States v. Sager,* 227 F.3d 1138, 1149 (9th Cir.2000) (distinguishing between evidence of prosecutor's knowledge that witness committed perjury in his testimony to the grand jury, and that witness made a misstatement, material as though that misstatement appears to be). The victim's January 24, 1997 declaration in which she recants her testimony at trial does not prove that the prosecution knowingly presented perjured testimony. *See United States v. Necoechea,* 986 F.2d 1273, 1281 (9th Cir.1993) (noting that even if witness lied, at most, a prosecutor presents contradictory evidence, which does not prove prosecutor knew the statements were perjurous and is not improper). In fact, the victim's testimony was consistent with her statements immediately after the incident; she had a history of recanting allegations that Hollins had abused her; and her testimony was corroborated by statements made by her social worker, by the police, and by witnesses and evidence collected at the scene.

Finally, even if the victim's testimony was false and the prosecution knew or should have know it was false, the testimony was not material to the outcome of the trial. *Giglio,* 405 U.S. at 154, 92 S.Ct. 763. The strong evidence of Hollins' guilt introduced at trial leads to the conclusion that there is no reasonable likelihood the allegedly tainted testimony of the victim could have affected the jury's verdict. *Agurs,* 427 U.S. at 103, 96 S.Ct. 2392. Thus, petitioner was not deprived of his due process rights.

AFFIRMED.